**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**WILLIE EARL RILEY**                                                                   **PETITIONER**

**VERSUS**                             **CIVIL ACTION NO. 3:12CV386 WHB-LRA**

**STATE OF MISSISSIPPI and**
**WARDEN PRESTON GOFF, JR.**                                            **RESPONDENTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Willie Earl Riley filed a petition for writ of habeas corpus relief on June 6, 2012. Respondents filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. In response, Riley filed a motion to hold his petition in abeyance, or in the alternative, to dismiss his petition for failure to exhaust state court remedies. The Court recommends that the habeas petition be dismissed with prejudice for the reasons that follow.

More than twelve years ago, Riley pled guilty to murder in the Circuit Court of Holmes County, Mississippi. On October 20, 1999, he was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. On March 29, 2000, Riley filed a "Motion for Post-Conviction Relief 'Ineffective Assistance,'" in the Mississippi Supreme Court. On May 11, 2000, the Mississippi Supreme Court dismissed the motion, without prejudice, for lack of jurisdiction pursuant to Miss. Code Ann. § 99-

39-7.[1]  On May 23, 2000, Riley filed an "Application for Leave to File Motion to Vacate Conviction and Sentence in Trial Court."[2]  The Holmes County Circuit Court denied the motion on May 30, 2000, finding no evidence to set aside the guilty plea.  Riley did not appeal the denial.[3]  He filed a petition for federal habeas corpus relief in this court on June 6, 2012, and filed an amended petition on July 12, 2012.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Miss. Code Ann. § 99-39-7 provides that when there is no direct appeal of a conviction or sentence, the prisoner must file his motion for post-conviction relief "as an original civil action in the trial court."

[2] The Court notes that Riley did not date this application.  Because state court records indicate that it was stamped "filed" in the Holmes County Circuit Court on May 26, 2000, the Court credits Petitioner with the three-day standard time for mailing and will treat the petition as filed on May 23, 2000.

[3] ECF Nos. 11-1–11-21.

2

28 U.S.C. § 2244(d)(1). AEDPA also provides that the statute of limitations will be tolled while a properly filed application for post-conviction relief is pending in state court:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." (internal quotations and citations omitted); *Holland v. Florida*, --- U.S.---- 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty

3

plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, No. 2:04CV273, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[4] was recently amended to expressly prohibit appeals "where the defendant enters a plea of guilty and is sentenced. . . ." As a result, state courts no longer apply the thirty-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So.3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

In this case, Riley entered his guilty plea before the effective date of the amendment. As such, he is credited with the 30-day period for direct appeals granted to petitioners who pled guilty prior to July 1, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, his conviction and sentence became final on November 21,1999 – 30 days after he was sentenced on October 20, 1999. To toll the statute of limitations, he was required to submit a "properly filed" application for post-conviction collateral relief in compliance with 28 U.S.C. § 2244(d)(2) on or before November 21, 2000. But as

---

[4]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme court shall be allowed.

4

noted *supra,* Riley's first attempt at filing an application for post-conviction collateral relief was filed in the Mississippi Supreme Court and dismissed for lack of jurisdiction. As such, it cannot be considered a "properly filed" application as contemplated by 28 U.S.C. § 2244 (d)(2). *See Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (citing *Artuz v. Bennett*, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable law and rules governing filings")). Riley's second application filed in the Holmes County Circuit Court on May 23, 2000, was filed in the court of proper jurisdiction. Accordingly, he is entitled to statutory tolling for the pendency of that application from May 23, 2000, through May 30, 2000, for a total of seven days. Thus, his federal habeas petition was due in this court on or before November 28, 2000. Absent equitable or statutory tolling, his petition filed on June 6, 2012, nearly twelve years later, is untimely.[5]

Riley does not dispute that his petition is untimely, nor does he assert that rare or exceptional circumstances warrant equitable tolling.[6] He requests that this Court hold his petition in abeyance, or alternatively, dismiss it without prejudice for his failure to

---

[5]None of the exceptions set forth in § 2244 (d)(1) (B-D) are applicable in this case.

[6]The Court notes that Riley appears to state in his amended petition for habeas relief that he was not certain in which state court he was required to file his appeals and motions for post-conviction relief. ECF No. 6, p. 4. To the extent he asserts this as a reason for equitable tolling, this argument is rejected. Illiteracy, lack of legal training, ignorance of the law, and unfamiliarity with the legal process are all insufficient reasons to equitably toll the statute of limitations.
*See, e.g., Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000).

5

exhaust his state court remedies. Specifically, in response to the motion to dismiss, he claims that he was denied counsel at a critical stage during his guilty plea but failed to raise this claim in his post-conviction proceedings. As thoroughly summarized by Respondents in their motion to dismiss, Petitioner has filed numerous post-convictions filings in state court since he was sentenced pursuant to his guilty plea in 1999.[7] With the exception of his motion for post-conviction relief filed on May 23, 2000, none of these pleadings were filed prior to the expiration of AEDPA's extended deadline on November 28, 2000. As such, none of them have tolled the statute of limitations. Because the undersigned finds the instant petition is untimely, it need not address Petitioner's request to hold this matter in abeyance pending the exhaustion of his alleged state court remedies. Nevertheless, the Court notes that ineffective assistance of counsel claims were raised and rejected by the state courts. No available state court remedies remain.[8]

In the absence of any evidence warranting equitable tolling, the undersigned finds that Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and recommends that it be dismissed with prejudice. The undersigned additionally

---

[7]*See Riley v. State,* No. 2001-CP-01291-COA, 2002 WL 31829477 (Miss. Ct. App. Dec. 17, 2002) (opinion withdrawn and superceded on clarification by *Riley v. State,* 848 So.2d 888 (Miss. Ct. App. 2003) *reh'g denied*, Mar. 18, 2003, *cert. denied* June 26, 2003)); *see also Riley v. State*, 90 So.3d 112 (Miss. Ct. App. 2012), *reh'g denied*, Mar. 3, 2012, *cert. denied*, May 24, 2012 .

[8]*See Riley v. State*, 90 So.3d at 116 (dismissing Riley's fifth motion for post-conviction collateral relief as a successive writ and untimely because it was filed outside the three-year statute of limitations provided by Miss. Code Ann. § 99-39-5(2) (Supp. 2011).

6

recommends that Petitioner's motion to hold his petition in abeyance, or in the alternative, to dismiss for failure to exhaust state court remedies, be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

This the 8th day of January 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
