```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**WILLIE EARL RILEY**                                             **PETITIONER**

VS.                            CIVIL ACTION NO. 3:12-cv-386-WHB-LRA

**STATE OF MISSISSIPPI and**
**WARDEN PRESTON GOFF, JR.**                                      **RESPONDENTS**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R & R") of United States Magistrate Judge Linda R. Anderson. Having considering the R and R,[1] the other pleadings in this case, as well as supporting and opposing authorities, the Court finds the R & R should be adopted by this Court in its entirety.

### I. Discussion

On October 20, 1999, Willie Earl Riley ("Riley") was sentenced to life imprisonment in the Mississippi Department of Corrections after he pleaded guilty to a charge of murder. On March 29, 2000, Riley filed a Motion for Post-Conviction Relief Ineffective Assistance in the Mississippi Supreme Court, which was dismissed, without prejudice on May 11, 2000, for lack of jurisdiction. On May 23, 2000, Riley filed an Application for Leave to File Motion to Vacate Conviction and Sentence in the state trial court, which

---

[1] The parties were required to file objections to the R and R on or before January 22, 2013. No objections were filed.

was denied on May 30, 2000, upon a finding there was no evidence to warrant the setting aside of his guilty plea. No appeal of that decision was taken.

On or about June 6, 2012, Riley filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), that is presently before in the Court. The Petition was amended on July 12, 2012. In response, Respondents filed a motion seeking dismissal of the Petition on the grounds that it was untimely filed. While the Petition and Motion to Dismiss were pending, Riley filed a "Motion to Expedite Matter to Hold Petitioner's Petition for Writ of Habeas Corpus in Abeyance, or in the alternative, Motion to Dismiss", requesting that his Petition either be held in abeyance or dismissed without prejudice pending the exhaustion of his state court administrative remedies. On review, United States Magistrate Judge Linda R. Anderson entered a Report and Recommendation ("R and R"), recommending that Riley's Petition be dismissed, with prejudice, as untimely. See R and R [Docket No. 15], at 6. Judge Anderson further recommended that Riley's Motion for Abeyance be dismissed, with prejudice, because the claims he alleged in his Petition were all time barred and, as such, there was no basis for holding then in abeyance. Id. at 6-7.

In the R and R, Judge Anderson found that to be timely under the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], codified at 28 U.S.C. § 2244(d), Riley was required to file his Petition on or before November 28, 2000. See id., at 5. As Riley's Petition was not filed until June 6, 2012, Judge Anderson

found, and this Court agrees, that the Petition is time barred. See 28 U.S.C. § 2244(d) (providing persons in custody pursuant to a state court judgment a one-year period in which to seek federal habeas corpus relief).  Next, Judge Anderson found there were no grounds for applying statutory or equitable tolling in this case as Riley did not dispute that his Petition was untimely, and he did not assert any rare or exceptional circumstances that would warrant equitable tolling.  Id. at 5.  Finally, Judge Anderson found there was no basis for holding Riley's Petition in abeyance while he exhausted his state court administrative remedies because the claims he had alleged in the Petition were all time barred.  Id. at 6-7.  Upon finding that Riley's Petition for federal habeas corpus relief was filed after the applicable one-year statute of limitations expired, that the limitations period had not been statutorily or equitably tolled, and there was no basis for holding the Petition in abeyance, Judge Anderson recommend that Respondents' Motion to Dismiss be granted, and that Riley's Petition and Motion for Abeyance be dismissed, with prejudice.

After reviewing the R and R, to which no objection has been filed, as well as Riley's Petition, Motion for Abeyance, and other pleadings in this case, the Court agrees that the Petition is time barred and should be dismissed for that reason, and that the Motion for Abeyance should likewise be dismissed for the reasons given by Judge Anderson.  Accordingly, the Court will adopt Judge Anderson's R and R recommending dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the January 8, 2013, Report and Recommendation of United States Magistrate Judge Linda R. Anderson [Docket No. 15], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondents to Dismiss [Docket No. 11] is hereby granted.

IT IS FURTHER ORDERED that Petitioner's Motion to Expedite Matter to Hold Petitioner's Petition for Writ of Habeas Corpus in Abeyance, or in the alternative, Motion to Dismiss [Docket No. 12] is hereby denied.

A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 7th day of February, 2013.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE